Citation Nr: 1719247 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 12-32 668 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Togus, Maine


THE ISSUE

Entitlement to service connection for a back and leg disability, to include as due to steam burns.


WITNESSES AT HEARING ON APPEAL

The Veteran and friend


ATTORNEY FOR THE BOARD

Dominic Jones, Associate Counsel






INTRODUCTION

The Veteran served on active duty from April 1961 to April 1965.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

In October 2015, the Veteran testified at a Board hearing.

In March 2016, the Board denied service connection for a bilateral knee disability and a bilateral should disability. At that time, the back and legs claim was remanded in order for the RO to attempt obtain additional service treatment records, and to afford the Veteran a new VA examination. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2).


FINDING OF FACT

The Veteran has no present burn-related disability attributable to service, nor was his present spine disability incurred in service. 


CONCLUSION OF LAW

The criteria for service connection for back and leg disability have not been met. 38 U.S.C.A. §§ 1101, 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2016).



REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet.App. 545, 552 (2008).

I. Duty to Assist

At least a portion of the Veteran's service treatment records (STRs) are not available for review. As noted in the Board's March 2016 remand, the Veteran claimed service connection for steam burns to his back and legs. See May 2009 Application for Compensation. He indicated that he was treated for his burn injury at Mayport Military Hospital. See December 2014 RO hearing. Pursuant to the Board's March 2016 remand, the RO attempted to obtain these records. The record reflects that a search was conducted of the records of the Naval Hospital in Mayport, Florida, but no records for the Veteran were located. In light of this information, the Board finds that it is reasonably certain that such records do not exist and that further efforts to obtain the records would be futile. See 38 U.S.C.A. § 5103A(c); 38 C.F.R. § 3.159(c)(2). Additionally, the Board acknowledges its heightened duty to consider carefully the benefit of the doubt where service records were destroyed or are unavailable. See Washington v. Nicholson, 19 Vet. App. 362, 369-70 (2005).

II. Legal Criteria for Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. "To establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). 

III. Analysis

As noted above, the first element of service connection is a present disability. Indeed, Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability. In the absence of proof of present disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The Veteran reported that during service he was burned by steam, which resulted in a large blister on his back and legs, and for which he was hospitalized. See October 2015 Board Hearing. 

The Veteran received his first VA examination for his spine in January 2013. The VA examiner provided a diagnosis of "diffuse lumbar spondylosis and DDD, s/p laminectomy L2-3, diffuse DDD and DJD and radiculopathy." However, as the Board noted in its March 2016 remand, the Veteran's statements support a theory of service connection for the residuals of a burn injury, not necessarily a musculoskeletal injury. Therefore, another VA examination was conducted in January 2017 pursuant to the Board's remand to address this theory of entitlement. The VA examiner reviewed the claims file and recounted the Veteran's account of being burned by steam on his back and legs during service. Nonetheless, the examiner stated that the examination revealed no scars on the Veteran's back and legs. Indeed, the examiner concluded there were no findings and no pathology. 

The Board finds that service connection is not warranted on this basis. This is so because the Veteran has no present disability as a result of his claimed in-service steam burns. The VA examiner highlighted that the Veteran simply had no pathology related to his report of being burned during service. As the preponderance of the evidence is against the claim of service connection on this basis, the benefit of the doubt doctrine is not applicable. 

The Board also notes that in his May 2009 claim, the Veteran noted the disability he was claiming as "Burn Injury." However, beneath this he also noted "back/leg pain." The record reflects the Veteran does have a musculoskeletal disability in the form of diffuse lumbar spondylosis and degenerative disc disease and radiculopathy as noted in the January 2013 VA examination. Considering the Veteran's complaints of pain in his back and legs, the Board finds an additional theory of entitlement reasonably raised, and will address whether the Veteran's musculoskeletal disability is attributable to service.

As noted above, the Veteran had his initial VA examination for his spine in January 2013 and provided a diagnosis of a present disability in the form of diffuse lumbar spondylosis and DDD (degenerative disc disease), s/p laminectomy L2-3, diffuse DDD and DJD (degenerative joint disease) and radiculopathy. The date of diagnosis was noted as 1995. The examiner opined that this condition was less likely than not incurred in or caused by the claimed in-service injury. The rationale provided was that there was no evidence of any back complaints or injuries while in service, or indeed during the Veteran's periodic physical examinations for the reserves. The examiner noted that the Veteran denied any problem with his back, and highlighted "normal physicals" in 1974, 1976, and 1982. The examiner then went on to note the Veteran suffered a serious fall and cervical spine injury in 1998 while working in a paper mill as a civilian. Concluding, this examiner stated that the Veteran's severe lumbar DDD and DJD were not due to service. 

The Veteran next received a VA examination for his spine in January 2017. The examiner noted the Veteran's report of having hurt his back and knees in service crawling around on diamond plate to clean it and that the Veteran developed back pain from the neck to the waist when he was burned by steam. Nonetheless, as to the Veteran's lumbar spine DDD with radiculopathy and DJD, the examiner noted that these conditions were not medically caused by the Veteran's report of burns to his back and legs while in service. The examiner remarked that the Veteran's back problems were due to his serious back injury working at a paper mill after service.

To the extent the evidence pertains to the knees, the Board will not address this aspect as service connection for a bilateral knee disability was already decided in the March 2016 decision.

The Board finds that service connection on this theory of entitlement is also not warranted. The VA examiner considered the Veteran's reported theory of burns during service having caused his back and leg pains. The VA examiner noted that the Veteran's spine disability was likely related to his post-service injury at a paper mill. The Board acknowledges that the Veteran is competent to report the pain he experiences in his back and legs. However, he is not competent to report the etiology of such pain. The relevant medical evidence in the record reflects that his spine and knee pain are not related to his service, to include his reported steam burns. This expert opinion evidence is persuasive as there was sufficient explanation based on the specific facts of the Veteran's case and his medical history.

Even considering the Board's heightened duty to consider the benefit of the doubt where, as here, a portion of the Veteran's service treatment records could not be found, the preponderance of the evidence is against the claim. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. As such, service connection for the Veteran's present spine disability is also not warranted. 


ORDER

Service connection for steam burns to the back and legs is denied. 




____________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs