Citation Nr: 1806335 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 15-32 483 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Albuquerque, New Mexico


THE ISSUE

Entitlement to service connection for nerve damage to the left side of the face.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Mike A. Sobiecki, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the U.S. Navy from May 1952 to April 1956.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2015 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Albuquerque, New Mexico.

This appeal has been advanced on the Board's docket. 38 U.S.C. § 7107(a)(2) (2014); 38 C.F.R. § 20.900(c) (2017).

In April 2017, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge (VLJ); a copy of the hearing transcript is of record.

In a June 2017 decision, the Board remanded the appeal for further development. 


FINDINGS OF FACT

1. There is no current diagnosis of a cranial nerve VIII disability.

2. The Veteran's left facial nerve cranial nerve VII neuropathy was not incurred in, and is not otherwise related to, his active service, to include a head injury. The disability is also not secondary to his service-connected hearing loss or tinnitus.


CONCLUSION OF LAW

The criteria for service connection for nerve damage to the left side of the face have not been met. 38 U.S.C. §§ 1110, 5107 (2014); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008).

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (2017). "To establish a right to compensation for a present disability, a veteran must show: '(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service'-the so-called 'nexus' requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Service connection may also be granted for a disability that is proximately due to or aggravated by a service-connected disease or injury. 38 C.F.R. § 3.310.

The Veteran asserts that he suffered nerve damage to the left side of his face from head trauma sustained in service. He reported that his ship passed through a storm causing him to hit his head and he sustained a loss of consciousness. As discussed in the June 2017 decision, while there is no record of this event or subsequent treatment thereof, the Board finds no reason to doubt the Veteran's general assertion that he hit his head due to his ship's movements when passing through a storm. Accordingly, the occurrence of this in-service event is established.

The Veteran contends that since that in-service event, he has experienced hearing loss, tinnitus, headaches, dizziness, and hearing distortion. He is service-connected for hearing loss, tinnitus, and headaches; those disabilities are not in dispute in this appeal. The Veteran believes his dizziness and hearing distortion are not part of these service-connected disabilities; rather, they are symptoms of a separate and distinct disability of the cranial nerves. Specifically, he relates that he saw an Ear, Nose, and Throat (ENT) specialist in the 1960s who, after interview and testing, informed him that he likely had a disorder of the vestibulocochlear nerve - otherwise known as cranial nerve VIII.

The Veteran does not remember the name, address, or exact time of treatment for the services provided by the private ENT specialist in the 1960s. He reiterated this on a VA Form 21-4142 submitted in July 2017. Accordingly, he has not provided VA sufficient information to be able to assist him in obtaining these records. He also has not submitted them himself.

The Veteran's VA treatment records show treatment for dizziness and hearing distortion; however, they do not relate the conditions to a separate and distinct disability of the cranial nerves. The Board acknowledges that both VA and private treatment records contain a diagnosis of vertigo and, while this may be a disorder of the inner ear, there is no evidence linking it to disability of a cranial nerve. In a June 2017 decision, the Board remanded the appeal, in part, to schedule the Veteran for a VA examination. The Board asked the examiner to identify any left-sided facial nerve damage found to be present or left ear nerve damage, other than sensorineural hearing loss. The Veteran underwent this VA examination in September 2017. Based on a review of the record and interview and examination of the Veteran, the examiner diagnosed left facial nerve cranial nerve VII neuropathy. A disability relating to left ear nerve damage, other than sensorineural hearing loss, was not identified.

To the extent that the Veteran believes there to be a disability of vestibulocochlear nerve, separate and distinct from his already service-connected conditions, the record does not contain competent evidence of such a current disability. As explained above, it is not shown in the medical evidence of record. The Veteran, himself, is not competent to provide such a diagnosis because it is not readily observable. Moreover, records from the private ENT specialist in the 1960s that could potentially establish a prior historical diagnosis are not of record and unable to be obtained for the reasons given above. In the absence of proof of a current disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); see 38 C.F.R. § 3.303. Accordingly, service connection for a separate and distinct disability of the vestibulocochlear nerve, otherwise referred to as cranial nerve VIII, is not warranted.

As noted above, the September 2017 VA examination revealed a current diagnosis of left facial nerve cranial nerve VII neuropathy. This disability manifests in decreased sensation to light touch at the left side of the mouth and left side of the chin. The examiner provided linkage opinions addressing both direct and secondary theories of entitlement service connection.

The examiner opined that the Veteran's condition was less likely than not related to service, to include the head injury. The examiner reached this determination for three reasons. First, the Veteran reported no prior history of symptoms involving the left facial nerve. Second, there was no history in the available records of such symptoms or such a condition such that it is possible to establish a chronological or pathophysiologic relationship between the in-service events in 1956 and the diagnosis given today. Third, the Veteran's reports of trauma in service involved the area behind the left ear, which is not the territory of the facial nerve and not the territory of the reported numbness. The examiner also noted that the Veteran was examined by VA neurology in May 2017 and the treatment record showed "facial sensation intact to light touch bilaterally." Thus, this particular disability of facial nerve VII appeared to be a new condition.

The examiner opined that the Veteran's condition was less likely than not proximately caused or aggravated by his service-connected hearing loss or tinnitus. The examiner explained that there is no apparent or likely pathophysiologic relationship between hearing loss or tinnitus, which are cranial nerve VIII conditions, and the current cranial nerve VII condition at issue here. 

The Board finds the September 2017 VA examiner's opinion probative as it was based on a review of the record and interview and examination of the Veteran. Moreover, the examiner clearly considered medical literature when assessing the etiology of the diagnosed condition. The examiner's opinion is the only competent etiological evidence of record relating to a secondary theory of entitlement. Regarding a direct theory of entitlement, to the extent the Veteran asserts his cranial nerve VII condition, which manifests in left-sided facial numbness, had its onset during service, his statement is outweighed by the examiner's opinion based on the examiner's medical expertise and the examiner's consideration that the reported in-service head injury was not in the area of cranial nerve VII or the Veteran's current symptomology.

In sum, the evidence does not establish that the current diagnosis of left facial nerve cranial nerve VII neuropathy is directly related to service, to include a head injury, or secondary to his service-connected hearing loss or tinnitus. There is no doubt to be resolved; service connection left facial nerve cranial nerve VII neuropathy is not warranted.


ORDER

Service connection for nerve damage to the left side of the face is denied.



____________________________________________
D. JOHNSON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs