James W. BRAMMER, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–476.

United States Court of Veterans Appeals.

Submitted May 5, 1992.

Decided Sept. 3, 1992.

As Amended Oct. 20, 1992.

James W. Brammer, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Joan E. Moriarty, were on the pleadings, for appellee.

Before KRAMER, MANKIN and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, James W. Brammer, appeals a September 13, 1990, Board of Veterans' Appeals (BVA) decision which denied reopening his claim for entitlement to service connection for spinal meningitis. The BVA also determined appellant was not entitled to service connection for any residuals of frozen feet. The Court affirms the decision of the BVA.

## BACKGROUND

Appellant is a combat veteran of World War II, who served from November 1942, to December 1944, in Normandy, Northern France, the Ardennes, the Rhineland, and Central Europe. On May 27, 1980, appellant submitted a claim for service connection for spinal meningitis, a disease which he claims he suffered and was hospitalized for in May 1943. In a rating decision dated July 22, 1980, the Veterans' Administration (now the Department of Veterans Affairs) (VA) Regional Office (VARO) denied appellant's claim for service connection. The VARO stated that the appellant's service medical records were apparently destroyed in the 1973 St. Louis fire, and there was no evidence to prove appellant's claim. The VARO noted that morning reports and sick reports had been found which verified the fact that the appellant was hospitalized during the time claimed but that no diagnosis was given. Four affidavits from fellow servicemen, rendered in the fall of 1980, and attesting to the fact appellant was treated for spinal meningitis in service, were then submitted. The VARO, in a confirmed rating decision of December 4, 1980, declined to reopen appellant's case. The VARO stated that the "buddy letters" were not sufficient evidence to establish service connection for meningitis. Appellant did not appeal this decision.

Appellant tried again to reopen his claim in 1986, and submitted another affidavit from a fellow serviceman. The VARO again determined that this evidence was not sufficient to establish service connection for spinal meningitis.

On June 29, 1988, the appellant wrote to the VARO asking to reopen his claim for service connection, and stating that he was also treated for frozen feet at the Battle of the Bulge. Appellant submitted his Enlisted Record and Report of Separation form for his honorable discharge, and his honorable discharge certificate.

The VA conducted a search for any additional records but none were found. In a rating decision of October 19, 1988, the VARO determined that there was no change in the denial of service connection for spinal meningitis, and that frozen feet were not shown by the evidence of record. The VA denied appellant's claim.

Appellant appealed this decision to the BVA. The BVA declined to reopen that part of the claim pertaining to spinal meningitis because no "new and material" evi-

dence had been submitted sufficient to warrant a reopening.

## ANALYSIS

Appellant has failed to present "new and material" evidence as to the claim for disability based on spinal meningitis. In fact, no evidence whatever concerning this claim has been produced since the last adjudication. Accordingly, the BVA was correct in finding that there was no "new and material" evidence and in its consequent refusal to reopen the previous decisions denying the appellant's claim. *See* 38 U.S.C. § 7104(b) (formerly § 4004); *Smith v. Derwinski,* 1 Vet.App. 178 (1991). There is even a more fundamental basis for affirmance of the BVA in this case. In neither the claim concerning spinal meningitis nor the "new" claim concerning frozen feet has the appellant produced any evidence, medical or otherwise, that would tend to show a presently existing disability stemming from either spinal meningitis or frozen feet. He apparently is of the belief that he is entitled to some sort of benefit simply because he had a disease or injury while on active service. That, of course, is mistaken. Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a *disability.* *See* 38 U.S.C. § 1110 (formerly § 310). In the absence of proof of a present disability there can be no valid claim. Our perusal of the record in this case shows no claim of or proof of present disability. *Rabideau v. Derwinski,* 2 Vet.App. 141, 143–44 (1992). Finally, if appellant were to assert that his current poor health may be a result of the meningitis he suffered in 1943, his own lay opinion would be insufficient evidence to support a claim. *See Espiritu v. Derwinski,* 2 Vet. App. 492 (1992).

The decision of the Board is AFFIRMED.