﻿Citation Nr: 18107535
Decision Date: 06/04/18 Archive Date: 06/02/18

DOCKET NO. 14-35 429A
DATE: June 4, 2018
ORDER
Entitlement to service connection for degenerative arthritis is denied.
Entitlement to service connection for osteoporosis is denied.
Entitlement to service connection for degenerative disc disease is denied.
Entitlement to service connection for tinnitus is denied.
FINDINGS OF FACT
1. There is no probative medical evidence that indicates the Veteran has a current diagnosis of degenerative arthritis. 
2. There is no probative medical evidence that indicates the Veteran has a current diagnosis of osteoporosis.
3. There is no probative medical evidence that indicates the Veteran has a current diagnosis of degenerative disc disease.
4. There is no probative evidence the Veteran’s tinnitus was initially incurred during a period of active service. 
CONCLUSIONS OF LAW
1. The criteria for service connection for degenerative arthritis have not been satisfied. 38 U.S.C. §§ 1131, 5107 (b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2017).
2. The criteria for service connection for osteoporosis have not been satisfied. 38 U.S.C. §§ 1131, 5107 (b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2017).
3. The criteria for service connection for degenerative disc disease have not been satisfied. 38 U.S.C. §§ 1131, 5107 (b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2017).
4. The criteria for service connection for tinnitus have not been satisfied. 38 U.S.C. §§ 1131, 5107 (b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.385 (2017).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran had periods of inactive duty for training (INACDUTRA) from February 1982 to September 1982, and active duty for training (ACDUTRA) from September 1983 to December 1983, while in the Army Reserve and Army National Guard from February 1982 to May 1995. 
The Veteran requested a Videoconference Board Office hearing, which was scheduled for December 2017. She did not report at the scheduled time and her request for a hearing is therefore withdrawn. See 38 C.F.R. § 20.704 (2017).
Service Connection
Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). “To establish a right to compensation for a present disability, a Veteran must show: ‘(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service’ - the so-called ‘nexus’ requirement.” Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d); see Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).
“Active military, naval, or air service” includes any period of active duty for training during which the individual concerned was disabled or died from a disease or injury incurred in line of duty. 38 U.S.C. § 101 (24); 38 C.F.R. § 3.6 (a). Active duty for training is, inter alia, full-time duty in the Armed Forces performed by Reserves for training purposes or by members of the National Guard of any state. 38 U.S.C. § 101 (22); 38 C.F.R. § 3.6 (c). Active military, naval, or air service also includes any period of inactive duty for training during which the individual concerned was disabled or died from an injury incurred or aggravated in line of duty or from an acute myocardial infarction, a cardiac arrest, or a cerebral vascular accident occurring during such training. 38 U.S.C. § 101 (24); 38 C.F.R. § 3.6 (a). Inactive duty training means, inter alia, duty other than full-time duty prescribed for Reserves or the National Guard of any state. 38 U.S.C. § 101 (23); 38 C.F.R. § 3.6 (d).
Certain disorders, listed as “chronic” in 38 C.F.R. § 3.309 (a) and 38 C.F.R. § 3.303 (b), are capable of service connection based on a continuity of symptomatology without respect to an established causal nexus to service. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Arthritis, also diagnosed as degenerative disc disease (DDD), is a “chronic disease” listed under 38 C.F.R. § 3.309 (a). Therefore, the presumptive service connection provisions based on “chronic” in-service symptoms and “continuous” post-service symptoms under 38 C.F.R. § 3.303 (b) apply. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Where the evidence shows a “chronic disease” in service or “continuity of symptoms” after service, the disease shall be presumed to have been incurred in service. 38 C.F.R. § 3.303 (b). 
Additionally, where a veteran served ninety days or more of active service, and certain chronic diseases, such as arthritis or DDD, becomes manifest to a degree of 10 percent or more within one year after the date of separation from such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309 (a). While the disease need not be diagnosed within the presumptive period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. Id.
In deciding an appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination about the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994).
When considering whether lay evidence is competent, the Board must determine, on a case-by-case basis, whether a veteran’s particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). A veteran is competent to report symptoms because this requires only personal knowledge, not medical expertise, as it comes to him through his senses. See Layno, 6 Vet. App. 465, 469. Lay testimony is competent to establish the presence of observable symptomatology, where the determination is not medical in nature and is capable of lay observation. Barr, 21 Vet. App. 303. Lay evidence may establish a diagnosis of a simple medical condition, a contemporaneous medical diagnosis, or symptoms that later support a diagnosis by a medical professional. Jandreau, 492 F.3d 1372, 1377.
When all the evidence is assembled, the Board is then responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether the preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).
1. Entitlement to service connection for degenerative arthritis, osteoporosis (OA), and degenerative disc disease (DDD)
Private treatment records do not indicate a current diagnosis of degenerative arthritis, OA or DDD. The Veteran’s private physician noted a ten-year history of low back pain prior to her May 2010 lumbar fusion surgery and neck pain stemming from a motor vehicle accident (MVA) in 2000. In January 2011 the RO requested additional information about the Veteran’s claims, including evidence indicating a current diagnosis and the names of any treatment facilities. 
The preponderance of the evidence is against the claims of entitlement to service connection for degenerative arthritis, OA, and DDD. There is no probative medical evidence that indicates the Veteran has a current diagnosis of any of these three disabilities. Without a current disability, there can be no claim for service connection. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992) (“Congress specifically limits entitlement to service-connected disease or injury to cases where such incidents have resulted in a disability. In absence of proof of a present disability there can be no valid claim.”)
Since there is no medical evidence that the Veteran has a current diagnosis of degenerative arthritis, osteoporosis, or degenerative disc disease, the claims for service connection are denied. 
As the preponderance of the evidence is against the claims, the benefit-of-the-doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). 

2. Entitlement to service connection for tinnitus
Tinnitus is defined as a ringing in the ears, and it is a disorder that is uniquely identifiable by the senses of the person experiencing it. It is a condition that is “simple” in nature in that respect, and thus, is a disability that can be diagnosed by the person experiencing the condition. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). That is, the confirmation of the existence of tinnitus does not require any particular medical expertise (i.e. is not “complex” in nature), and assuming the allegations of the Veteran are credible, testimonial evidence of an origin of the condition in service can be used to support a claim for service connection.
The Veteran’s service treatment records do not indicate any complaints, diagnosis or treatment for tinnitus. At the August 2011 VA medical examination, the Veteran reported constant ringing in her ears during headaches and migraines but that she did not recall when her tinnitus started. She also reported subjectively loud ringing and that her tinnitus caused her anxiety. The examiner noted that the Veteran’s military occupational specialty (MOS) as a telecommunication center operator indicated moderate acoustic trauma, but that because the Veteran demonstrated non-organic hearing loss, “it would be speculative to give an opinion on the etiology of the Veteran’s tinnitus.”
The preponderance of the evidence is against the Veteran’s claim. The Veteran does not report constant tinnitus, nor does she recall if her tinnitus began during a period of active service. Since the record does not indicate the Veteran’s tinnitus began during a period of active service, the claim for service connection must be denied.
(Continued on the next page)
 
As the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). 

 
VITO A. CLEMENTI
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD S. Anwar, Associate Counsel