﻿Citation Nr: 18900018
Decision Date: 11/14/18 Archive Date: 11/14/18

DOCKET NO. 180621-37
DATE: November 14, 2018
ORDER
Service connection for common variable immune system is denied. 
Service connection for non-hodgkin's lymphoma is granted. 
Service connection for limbic encephalitis paraneoplastic is granted. 
Service connection for unspecified neurocognitive disorder claimed as dementia is granted. 
Entitlement to special monthly compensation based on aid and attendance is granted. 
FINDINGS OF FACT
1. Common variable immune system (CVIS) is a congenital defect, and the Veteran did not experience a superimposed disease or injury during service that resulted in an additional disability or aggravation of congenital CVIS.
2. Non-hodgkin's lymphoma is due to the Veteran’s service.
3. Limbic encephalitis paraneoplastic is due to the Veteran’s service.
4. Unspecified neurocognitive disorder claimed as dementia is due to the Veteran’s service-connected limbic encephalitis paraneoplastic. 
5. The Veteran requires the regular aid and attendance of another because of his service-connected unspecified neurocognitive disorder and limbic encephalitis.
CONCLUSIONS OF LAW
1. The criteria for service connection for CVIS have not been met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.303, 3.304, 4.9.
2. The criteria for service connection for non-hodgkin's lymphoma have been met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.303, 3.304.
3. The criteria for service connection for limbic encephalitis paraneoplastic have been met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.303, 3.304. 
4. The criteria for service connection for unspecified neurocognitive disorder claimed as dementia have been met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.303, 3.304, 3.310.
5. The criteria for entitlement to SMC based on the need for aid and attendance have been met. 38 U.S.C. §§ 1114(l), 1114(s), 1502(b); 38 C.F.R. §§ 3.350, 3.351, 3.352.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from July 1987 to July 2007. 
This matter comes before the Board of Veterans’ Appeals (BVA or Board) on appeal from a November 2017 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in BEAAM, the Board of Veterans’ Appeals (Board) Early Applicability of Appeals Modernization research program. This decision has been written consistent with the new AMA framework.
Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. The Veteran may file a Supplemental Claim and submit or identify this evidence. If the new evidence is relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Specific instructions for filing a Supplemental Claim are included with this decision.
Service Connection
Service connection may be established for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. Service connection requires evidence showing: (1) a current disability; (2) incurrence or aggravation of a disease or injury in service; and (3) a nexus between the current disability and the disease or injury incurred or aggravated in service. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303 (d).
1. Service connection for common variable immune system is denied.
Service treatment records are silent for any complaints or treatment regarding CVIS. 
The March 2017 VA examination reported noted that CVIS is a genetic disorder. The examiner also stated that medical literature did not recognize Southwest Asia environmental exposure as a risk or casual factor for CVIS. 
The Veteran’s diagnosed CVIS is a congenital defect and service connection for congenital or developmental defect is precluded by 38 C.F.R. §§ 3.303(c), 4.9. If a disability is superimposed on the congenital defect during service, the superimposed disability may be service connected. See VAOPGCPREC 82-90 (July 18, 1990). Here there is no evidence of an additional disability superimposed on the congenital defect during service. 
Although the Veteran did have a pressure injection injury that delivered jet fuel directly into the Veteran’s bloodstream during service in September 2001, the medical evidence does not show that this injury resulted in a superimposed injury that may be service connected. 
The post-service VA treatment records dated March 2014 note that the Veteran’s CVIS treatment may also be potential treatment for his limbic encephalitis, for which service connection is being granted in this decision, there is no indication that they are somehow related or that additional disability is superimposed on the genetic condition. 
It is the Veteran’s general evidentiary burden to establish all elements of the claim, including evidence of a current disability. Fagan v. Shinseki, 573 F.3d. 1282, 1286 (Fed. Cir. 2009). In the absence of proof of a current disability superimposed on CVIS, a congenital defect, there is no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).
2. Service connection for non-Hodgkin's lymphoma and limbic encephalitis paraneoplastic are granted.
Service treatment records show that in September 2001, the Veteran was treated for pressure injection injury of the left thumb. It was noted that there was evidence of petroleum products down to level of the transverse carpel ligament. A few days later, an operation of repeat debridement of left hand and thumb and treatment of a forearm abscess was performed. 
The March 2017 VA examination stated that the Veteran’s medical treatment records document that his limbic encephalitis is attributed to his diagnosed Hodgkins lymphoma. A private medical opinion dated July 2018 reviewed the Veteran’s in-service treatment reports and opined that the high pressure injection injury that delivered jet fuel directly into the Vet’s bloodstream caused his non-Hodgkin’s lymphoma and limbic encephalitis. The private physician explained that the Veteran was exposed to jet fuel for 5 days after the injury as the report for the surgery performed 5 days after the injury noted that the wounds were thoroughly irrigated again until the smell of petroleum no longer existed. This was evidence that the fuel was not just topical, but subdermal as well and demonstrated the depth of the fuel entry into the bloodstream. The physician then explained that the benzene that is contained in jet fuel is a risk factor for non-Hodgkin’s lymphoma and limbic encephalitis and referenced several medical journals supporting this finding. 
Given the in-service injury and post-service diagnoses as well as the well-supported July 2018 private medical opinion, the Board finds that the Veteran’s current non-Hodgkin’s lymphoma and limbic encephalitis were caused by the inservice pressure injection injury of the left thumb. Service connection is warranted.
3. Service connection for unspecified neurocognitive disorder claimed as dementia is granted.
Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) caused by or (b) aggravated by a service-connected disability. 38 C.F.R. § 3.310(a); Allen v. Brown, 7 Vet. App. 439 (1995).
During the March 2017 VA examination, the Veteran was diagnosed as having unspecified neurocognitive disorder. The examiner stated that the Veteran’s medical treatment records document that his seizure disorder and dementia are direct symptoms or residuals of the Veteran’s limbic encephalitis. In September 2017, the Veteran was diagnosed as having dementia related to lymphoma and paraneoplastic limbic encephalitis during private treatment. Further, the July 2018 private medical opinion stated that the Veteran’s dementia is caused by his limbic encephalitis. The Veteran’s lymphoma and paraneoplastic limbic encephalitis have been granted service connection in this decision. Given the evidence set forth above and affording the Veteran’s the benefit of the doubt, the Board finds that service connection is warranted for the Veteran’s unspecified neurocognitive disorder, which includes dementia.
4. Entitlement to special monthly compensation based on aid and attendance is granted.
SMC is payable in addition to the basic rate of compensation otherwise payable on the basis of degree of disability. See 38 U.S.C. § 1114; 38 C.F.R. § 3.350. 
A Veteran will be considered to be in need of aid and attendance if he: (1) is blind or so nearly blind as to have corrected visual acuity of 5/200 or less, in both eyes, or concentric contraction of the visual field to 5 degrees or less; or (2) is a patient in a nursing home because of mental or physical incapacity; or (3) establishes a factual need for aid and attendance under the criteria set forth in 38 C.F.R. § 3.352(a). 38 C.F.R. § 3.351(c).
Under 38 C.F.R. § 3.352(a), determinations as to the need for aid and attendance must be based on actual requirements of personal assistance from others. In making such determinations, consideration is given to such conditions as: inability of the claimant to dress or undress himself or to keep himself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which, by reason of the particular disability, cannot be done without aid; inability of the claimant to feed himself through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect the claimant from the hazards or dangers inherent in his daily environment. 
It is not required that all of the disabling conditions enumerated above be found to exist before a favorable rating may be made. The particular personal functions that the claimant is unable to perform should be considered in connection with his condition as a whole. It is only necessary that the evidence establish that the claimant is so helpless as to need regular aid and attendance, not that there be a constant need. 38 C.F.R. § 3.352(a).
The salient question in this SMC claim is whether the Veteran requires the aid and attendance of another person and is housebound solely as a result of his service-connected disabilities. 
In this decision, the Veteran has been granted service connection for unspecified neurocognitive disorder claimed as dementia and limbic encephalitis. An April 2017 VA examination for housebound status or permanent need for regular aid and attendance stated that the Veteran was unable to prepare his own meals, requires medication management, does not have the ability to manage his own financial affairs and was unable to travel alone due to dementia and also needed assistance in bathing and tending to other hygiene needs due to dementia and limbic encephalitis. It was also noted that he could not be left home alone without supervision on an as-needed basis.

Based on the VA examination report, the evidence shows that the Veteran is in need of aid and attendance of another due to his service-connected dementia and limbic encephalitis. Accordingly, SMC, based on the need for aid and attendance, is warranted. See Prejean v. West, 13 Vet. App. 444, 448-49 (2000).
 
K. A. Kennerly
Acting Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD J. Meawad, Counsel