﻿Citation Nr: AXXXXXXXX
Decision Date: 05/07/19 Archive Date: 05/06/19

DOCKET NO. 190208-1684
DATE: May 7, 2019

ORDER

Entitlement to service connection for a right knee disability is denied.

Entitlement to service connection for a left knee disability, claimed as secondary to a right knee disability, is denied.

FINDINGS OF FACT

1. The Veteran’s right knee disability was not shown as chronic in service and did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and the disability is not otherwise etiologically related to an in-service injury or disease.

2. The preponderance of the evidence is against finding that a left knee disability began during active service or is otherwise related to an in-service injury or disease.

CONCLUSIONS OF LAW

1. The criteria for service connection for a right knee disability are not met. 38 U.S.C. §§ 1110, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

2. The criteria for service connection for a left knee disability, claimed as due to a right knee disability, are not met. 38 U.S.C. §§ 1110, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board notes that the rating decision on appeal was issued in October 2016. In April 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

In October 2018 the Veteran received a VA knee examination. The RO determined that they previously failed to assist the Veteran in properly scheduling a VA knee examination. As a result, a rating decision was issued in January 2019 considering the newly submitted VA knee examination, in addition to the evidence previously considered. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). In February 2019 the Veteran filed a supplemental claim and elected direct review.

Service Connection

Service connection may be established for disability resulting from disease or injury incurred in or aggravated during service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. That determination requires a finding of current disability that is related to an injury or disease in service. Watson v. Brown, 4 Vet. App. 309 (1993); Rabideau v. Derwinski, 2 Vet. App. 141 (1992). Service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury that was incurred or aggravated in service. 38 C.F.R. § 3.303(d). 

Service connection may be presumed for certain chronic diseases, to include arthritis, which develop to a compensable degree within one year after discharge from service, even though there is no evidence of that disease during service. That presumption is rebuttable by probative evidence to the contrary. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. 3.307, 3.309(a). 

If there is no evidence of a chronic condition during service or an applicable presumptive period, then a showing of continuity of symptomatology after service may serve as an alternative method of establishing a service connection claim. 38 C.F.R. §3.303 (b). Continuity of symptomatology may be established if a claimant can demonstrate (1) that a condition was noted during service; (2) evidence of post- service continuity of the same symptomatology and (3) medical or, in certain circumstances, lay evidence of a nexus between the present disability and the post-service symptomatology. Evidence of a chronic condition must be medical, unless it relates to a condition to which lay observation is competent. If service connection is established by continuity of symptomatology, there must be medical evidence that relates a current condition to that symptomatology. 

The existence of a current disability is the cornerstone of a claim for VA disability compensation. In the absence of a showing of a current disability, service connection cannot be granted. Degmetich v. Brown, 104 F. 3d 1328 (1997); Brammer v. Derwinski, 3 Vet. App. 223 (1992); Rabideau v. Derwinski, 2 Vet. App. 141 (1992).

A disability that is proximately due to or the result of a service-connected disability shall be service-connected. When service connection is established for a secondary disability, the secondary disability shall be considered a part of the original disability. 38 C.F.R. § 3.310(a). Secondary service connection may also be established for a nonservice-connected disability which is aggravated by a service-connected disability. In that instance, the Veteran is compensated for the degree of disability over and above the degree of disability existing prior to the aggravation. 38 C.F.R. § 3.310(b); Allen v. Brown, 7 Vet. App. 439 (1995).

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 

The first requirement for any service connection claim is evidence of the presence of the claimed disability. Boyer v. West, 210 F.3d 1351 (Fed. Cir. 2000); Brammer v. Derwinski, 3 Vet. App. 223 (1992).

1. Entitlement to service connection for a right knee disability 

The Veteran asserts that his right knee status post meniscus tear and chondromalacia with osteoarthritis that is the direct result of active duty. Entrance and separation examinations are silent for a right knee diagnosis. Service medical records from 1973 show ongoing complaints of right knee pain in-service. An October 1973 in-service arthrogram of the right knee reveals no definite meniscal tear. VA medical treatment records from 2009 through the present show ongoing treatment for right knee pain. A December 2010 medical treatment note shows a finding of osteoarthritis.

An October 2018 VA knee examination provided a diagnosis for a “right knee status post meniscus tear V. chondromalacia.” The Veteran reported an in-service right knee cartilage tear. Following the tear, the Veteran reported that he has been experiencing ongoing knee pain. The Veteran stated that his right knee “goes out” from time to time, and he struggles to walk. The examiner opined that it was less likely than not that the Veteran’s right knee disability was caused by service or related to in-service knee pain complaints. The rationale provided was that there was no evidence of chronicity of care. This medical opinion did not relate the current right knee disability to the symptomatology that was experienced in-service.

The Board acknowledges the Veteran’s assertions that he believes his right knee disability, to include in-service treatment for right knee pain, is related to active service. As a lay person, the Veteran can provide evidence as to the etiology of a disease where the nexus is obvious merely through lay observation, such as a fall leading to a broken leg. Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). However, the question of etiology of a right knee status post meniscus tear V. chondromalacia and arthritis goes beyond a simple and immediately observable cause-and-effect relationship. Therefore, the Veteran is not competent to provide an opinion on the etiology of his right knee disabilities, and his opinion that they are the result of active service cannot be assigned any probative weight. Furthermore, the in-service arthrogram revealed no meniscus tear.

Arthritis is a disease that would be entitled to presumptive service connection had it manifested to a compensable degree within one year of separation from service. However, the Veteran was not diagnosed with right knee arthritis until December 2010, several years after separation from service. VA medical treatment records being in 2009. As a result, presumptive service connection is not warranted as it is not shown that right knee arthritis manifested to a compensable degree within one year following separation from service. 

Therefore, the Board finds that the Veteran’s right knee disability is not shown to be causally or etiologically related to any disease, injury, or incident during service. Consequently, service connection for a right knee disability is not warranted. The preponderance of the evidence is against the claim of entitlement to service connection for a right knee disability and the claim must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

2. Entitlement to service connection for a left knee disability, claimed as secondary to a right knee disability

The Veteran contends that his left knee disability is the result of his right knee disabilities. The Veteran cannot establish service connection for his left knee disability on a secondary basis as the claimed primary right knee disability is not service-connected. That does not preclude the Veteran from establishing service connection on a direct basis.

The Veteran’s entrance and separation examination for service were silent for any left knee disability. The Veteran was presumed sound upon entrance to service.

A November 2009 x-ray revealed degenerative changes in the left knee. In a October 2018 VA examination, the Veteran reported no left knee problems in service. The November 2009 left knee arthritis diagnosis was noted as being “incidental.” The examiner opined that there was no evidence of a knee condition until 2009 and that it had not been aggravated beyond normal progression.

Arthritis is a disease that would be entitled to presumptive service connection had it manifested to a compensable degree within one year of separation from service. However, the Veteran was not diagnosed with left knee arthritis until 2009, several years after separation from service. Therefore, presumptive service connection is not warranted as it is not shown that the left knee disability manifested to a compensable degree within one year following separation from service. The Veteran has not alleged an in-service event or injury that may have caused his left knee disability outside of it being secondary to a right knee disability. There is no competent medical evidence of record suggesting that the left knee disability is related to active service.

 

Therefore, the Board finds that the Veteran’s left knee disability is not shown to be causally or etiologically related to any disease, injury, or incident during service. Consequently, service connection for a left knee disability is not warranted. The preponderance of the evidence is against the claim of entitlement to service connection for a left knee disability and the claim must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

Nathaniel J. Doan

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD K. D. Cross, Associate Counsel