﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 190420-8039
DATE: November 29, 2019

ORDER

New and relevant evidence was received to warrant the readjudication of the claim of entitlement to service connection for cervical spinal cord injury with residual bilateral upper extremity paresis.

Entitlement to service connection for residuals of a cervical spinal cord injury with residual bilateral upper extremity paresis is denied. 

Entitlement to service connection for a left ankle condition is denied. 

Entitlement to service connection for a right ankle condition is denied. 

Entitlement to service connection for a right knee condition is denied. 

Entitlement to service connection for residuals of a head injury is denied. 

FINDINGS OF FACT

1. Evidence that may prove or disprove the issue of entitlement to service connection for cervical spinal cord injury with residual bilateral upper extremity paresis was received after the October 1986 denial of that issue.

2. The preponderance of the evidence of record is against finding that a cervical spinal cord injury with residual bilateral upper extremity paresis was present at any time during or approximate to the pendency of the claim.

3. The preponderance of the evidence of record is against finding that a left ankle condition was present at any time during or approximate to the pendency of the claim.

4. The preponderance of the evidence of record is against finding that a right ankle condition was present at any time during or approximate to the pendency of the claim.

5. The preponderance of the evidence of record is against finding that a right knee condition was present at any time during or approximate to the pendency of the claim.

6. The preponderance of the evidence of record is against finding that residuals of a head injury was present at any time during or approximate to the pendency of the claim.

CONCLUSIONS OF LAW

1. The criteria for the readjudication of the claim of entitlement to service connection for cervical spinal cord injury with residual bilateral upper extremity paresis have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105 (2017).

2. The criteria for service connection for residuals of a cervical spinal cord injury with residual bilateral upper extremity paresis are not met. 38 U.S.C. § 5107; 38 C.F.R. § § 3.102, 3.303 (2018).

3. The criteria for service connection for a left ankle condition are not met. 38 U.S.C. § 5107; 38 C.F.R. § § 3.102, 3.303 (2018).

4. The criteria for service connection for a right ankle condition are not met. 38 U.S.C. § 5107; 38 C.F.R. § § 3.102, 3.303 (2018).

5. The criteria for service connection for a right knee condition are not met. 38 U.S.C. § 5107; 38 C.F.R. § § 3.102, 3.303 (2018).

6. The criteria for service connection for residuals of a head injury are not met. 38 U.S.C. § 5107; 38 C.F.R. § § 3.102, 3.303 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1975 to January 1986. 

This case comes before the Board of Veterans’ Appeals (Board) on appeal from a July 2016 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). 

In February 2019, the Veteran opted into the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization (RAMP) election form, and selected the Higher Level Direct Review lane in that process. 84 Fed. Reg. 138, 17 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2 (d)).

Subsequently, a March 2019 rating decision considered the evidence of record as of the date VA received the RAMP election form and determined that new and relevant evidence had not been received to warrant the readjudication of the Veteran’s cervical spinal cord injury with residual bilateral upper extremity paresis claim. This new and relevant issue discussed below has been recharacterized to reflect the new evidentiary standard under the AMA. Pub. L. No. 115-55, § 5108. 131 Stat. 1105, 1109.

New and Relevant Evidence 

VA will readjudicate a claim if new and relevant evidence is presented or secured. AMA, Pub. L. No. 115-55, § 5108, 131 Stat. 1105, 1109. “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. AMA, Pub. L. No. 115-55, § 101(35), Stat. 1105, 1105. The Board finds that new and relevant has been added to the record. The Veteran’s lay statements regarding his claims on his September 2017 NOD (Notice of Disagreement) and May 2018 Form 9 meet the threshold of AMA, Pub. L. No. 115-55, § 101(35), Stat. 1105, 1105. As such, this claim is reopened. 

Service Connection 

The Board has searched the limited medical records in the claims file, but there is no evidence that the Veteran currently suffers from a right knee condition, residuals of a head injury, a bilateral ankle condition, or a cervical spine condition. 

As the right knee condition, bilateral ankle condition, and cervical spine conditions may be musculoskeletal in nature, the Board acknowledges the Veteran has purported his conditions cause him pain. The Federal Circuit has held that “pain in the absence of a presently-diagnosed condition can cause functional impairment,” which may qualify as a “disability” for VA compensation purposes. Saunders v. Wilkie, 886 F.3d 1356, 1368 (Fed. Cir. 2018). The Federal Circuit in Saunders, however, cautioned against the notion that “a veteran could demonstrate service connection simply by asserting subjective pain” because, to establish that a disability is present, the veteran “will need to show that... pain reaches the level of a functional impairment of earning capacity.” Id. at 1367-68. “Functional impairment,” the Federal Circuit noted, is defined as the inability of the body or a constituent part of it “‘to function under the ordinary conditions of daily life including employment.’” Id. at 1363 (quoting 38 C.F.R. § 4.10). 

As the record stands, the Veteran has not provided evidence, and it has not otherwise been shown, that the pain from his claimed conditions has resulted in specific functional impairment that affects earning capacity. 

Accordingly, these claims fail for a lack of current disability. The existence of a current disability is the cornerstone of a claim for VA disability compensation, and without a current disability, service connection is not warranted. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); 38 U.S.C. § 1110. 

The Board acknowledges that the Veteran has not yet been afforded a VA examination for his claims, but as noted, prior to receipt of the Veteran’s RAMP opt-in election form, the evidence of record did not show a present diagnosis or an impairment of earning capacity for any of his claimed conditions. Thus, the Board finds that evidence for the low threshold of McLendon was not received prior to receipt of the Veteran’s RAMP opt-in election form. McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006).

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J.Wade, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.