﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191105-41885
DATE: May 29, 2020

ORDER

Entitlement to service connection for right ear hearing loss is granted.

Entitlement to service connection for left ear hearing loss is denied.

Entitlement to service connection for tinnitus is granted.

FINDINGS OF FACT

1. The evidence is in relative equipoise as to whether the Veteran’s right ear hearing loss is attributable to military service. 

2. The Veteran did not have left ear hearing loss by VA standards at any time during the pendency of the claim.

3. The evidence is in relative equipoise as to whether the Veteran’s tinnitus is attributable to military service.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for right ear hearing loss have been met. 38 U.S.C. §§ 1101, 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303. 

2. The criteria for entitlement to service connection for left ear hearing loss have not been met. 38 U.S.C. §§ 1101, 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303. 

3. The criteria for service connection for tinnitus loss are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from September 1976 through September 1979.

The Board notes that the rating decisions on appeal were issued in September 2019, October 2019, and November 2019. 

In a September 2019 AMA rating decision, the Agency of Original Jurisdiction (AOJ) denied the Veteran’s claims for entitlement to service connection for bilateral hearing loss and tinnitus. The Veteran submitted a timely appeal and selected a higher-level review. In an October 2019 AMA rating decision, the AOJ continued to deny the Veteran’s claims. In November 2019, the Veteran elected a direct review by a Veterans Law Judge. The AOJ improperly issued another rating decision in November 2019 that continued to deny the Veteran’s claim. As the Board maintained jurisdiction of the Veteran’s claims after the November 2019 request for direct review, the Board will consider the evidence of record as of the date of the September 2019 rating decision.

Service Connection

Generally, service connection requires evidence of (1) a current disability, (2) in-service incurrence or aggravation of a disease or injury, and (3) a nexus, or link, between the current disability and the in-service disease or injury. 38 C.F.R. § 3.303(a) (2018).

Certain chronic diseases, such as sensorineural loss and tinnitus, will be presumed related to service if they were shown as chronic (reliably diagnosed) in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service, with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013); Fountain v. McDonald, 27 Vet. App. 258 (2015); 38 C.F.R. §§ 3.303, 3.307, 3.309. 

1. Entitlement to service connection for bilateral hearing loss

The Veteran alleges that his bilateral hearing loss is a result of service.

For the purposes of applying the laws administered by VA, impaired hearing will be considered a disability when the auditory threshold in any of the frequencies of 500, 1000, 2000, 3000, and 4000 Hertz is 40 decibels or greater; or when the thresholds for at least three of these frequencies are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. See 38 C.F.R. § 3.385. 

At the onset, the Board notes absent the required diagnosis of a current disability, a claim for service connection fails. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The most probative evidence does not support left ear hearing loss that is severe enough by VA standards to qualify as a disability. Specifically, the results of the September 2019 VA examination show no threshold at 40 and only one over 26. Thus, the claim for service connection for left ear hearing loss must be denied, as there is no diagnosed disability. 

The remaining analysis will focus on whether service connection is warranted for right ear hearing loss. The record contains evidence of a current disability of right ear hearing loss for VA compensation purposes. See September 2019 VA examination. Thus, the first element for establishing service connection satisfied. 

The Veteran’s service treatment notes are silent for complaints, treatment, or diagnoses relating to right ear hearing loss. Likewise, his entrance and exit examinations are silent for a right ear hearing loss diagnosis. However, the Veteran has contended that he was exposed to harmful noise in-service from weapons fire, cannon fire, helicopters, and a cargo airplane. Further, he contends he was in close proximity to weapons fire, which resulted in his ears hurting for days with associated symptoms of hearing loss and tinnitus. The September 2019 VA examiner acknowledged moderate probability of hazardous noise exposure from the Veteran’s military occupational specialty (MOS) as a military policeman. The AOJ has conceded in-service acoustic trauma from hazardous noise exposure. See October 2019 rating decision. Having conceded that the Veteran experienced acoustic trauma during service, which constitutes an injury, what is left to be determined is whether his current right ear hearing loss disability is related to that in-service exposure.

In September 2019, the Veteran was afforded a VA examination for his right ear hearing loss. A diagnosis of sensorineural hearing loss in the right ear was documented. The VA examiner opined that it is less likely than not that the Veteran’s right ear hearing loss was caused by or a result of an event in military service. The rationale noted that there was no indication of significant threshold shift from noise exposure while in the military. The configuration of his current hearing loss is not indicative of a noise-induced hearing loss. Thus, it is less likely than not that the Veteran’s hearing loss is a result of acoustic trauma while in military service. The Board finds this opinion to be probative, as it was rendered on the basis of an examination of the Veteran, review of his history through his lay statements and service records, and provided the underlying reasons for the conclusion reached. 

Likewise, the Veteran has competently and credibly alleged that he has had hearing loss since service. His lay statements support a continuity of symptoms of his current right hearing loss disability. However, there is also a competent September 2019 VA medical opinion that is against finding service connection for the Veteran’s right ear hearing loss. The Board finds that the positive and negative evidence in this matter is in relative equipoise. The Board will resolve all reasonable doubt in the Veteran’s favor and grant entitlement to service connection for right ear hearing loss. 

However, because his left ear hearing loss does not meet VA standards to qualify as a disability, the Board must deny entitlement to service connection for left ear hearing loss.

2. Entitlement to service connection for tinnitus

The Veteran seeks service connection for tinnitus. There is no question the Veteran has a current diagnosis of tinnitus. See September 2019 VA examination. Thus, the first element of service connection is met.

As addressed above, acoustic trauma from noise exposure during service has been conceded, which constitutes an injury. What is left to be determined is whether the Veteran’s tinnitus is related to his service.

During the September 2019 VA examination, the Veteran complained of constant, high-pitched tinnitus in both ears that began in-service and has continued since. The examiner opined that the Veteran’s tinnitus is less likely than not related to service. The rationale included that there was no mention of tinnitus in the Veteran’s service treatment records while in the military. The configuration of his hearing loss is not indicative of hazardous noise exposure. Thus, it is less likely than not that his tinnitus is a result of military noise exposure. Again, the Board finds this opinion credible in that it was rendered on the basis of an examination of the Veteran, review of his history through his lay statements and service records, and provided the underlying reasons for the conclusion reached.

The Veteran has also, however, consistently and credibly alleged that his tinnitus began in-service as a result of noise exposure and has continued since. The Board finds that he has successfully shown continuity of symptomatology through his competent and credible lay statements. Based on the existing evidence of record, it is difficult to pinpoint exactly when the symptoms of tinnitus began and what the compensable rating would be one year after discharge service. Thus, presumptive service connection cannot be established. However, a claim for service connection is still available under a direct basis.

Upon careful review of the evidence of record, the Board finds that the evidence is at least in relative equipoise as to whether the Veteran’s currently diagnosed tinnitus is related to his military service. The Veteran established a continuity of symptoms since service through his consistent and competent reporting that his tinnitus began in-service and has continued ever since. The Board has no reason to doubt the Veteran’s credibility. However, there is also competent medical evidence against service connection for the Veteran’s tinnitus. Resultantly, the Board finds that the positive and negative evidence in this matter is in relative equipoise. 

The Board resolves all reasonable doubt in the Veteran’s favor and grants service connection for tinnitus. 

 

 

Bethany L. Buck

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N.B. Mmeje, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.