﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190611-14826
DATE: July 31, 2020

ORDER

Entitlement to service connection for an acquired psychiatric disorder to include posttraumatic stress disorder (PTSD) is denied.

Entitlement to service connection for an anxiety condition is denied.

FINDINGS OF FACT

1. The Veteran does not have a current diagnosis of PTSD. 

2. The Veteran’s anxiety condition is not related to military service. 

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for an acquired psychiatric disorder to include posttraumatic stress disorder (PTSD) have not been met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a), 3.304, 3.307, 3.309.

2. The criteria for entitlement to service connection for an anxiety condition have not been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. § §§ 3.102, 3.303, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served in the Navy from October 2015, to April 2018.

This case is before the Board of Veterans’ Appeals (Board) on appeal from an October 2018 Regional Office (RO) rating decision.

In a June 2019 VA Form 10182, the Veteran elected Board review of the issues herein through the evidence submission docket under the Appeals Modernization Act (AMA). In an August 2019 Letter, the Veteran was notified that the Board had placed her appeal on the evidence submission docket.

Service Connection

The law provides that service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. §§ 3.303, 3.304. Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Generally, establishing service connection requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999). 

1. Entitlement to service connection for an acquired psychiatric disorder to include posttraumatic stress disorder (PTSD)

The Veteran is seeking service connection for an acquired psychiatric disorder, which she contends is due an in-service military sexual trauma (MST). 

After a close review of the record, the Board determines that service connection is not warranted.

Claims of military sexual trauma are addressed under the regulations regarding post-traumatic stress disorder. 38 C.F.R. § 3.304. Under this section, in order to establish service connection for PTSD, the evidence of record must include a medical diagnosis of PTSD in accordance with 38 C.F.R. § 4.125 (a), a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.30(f). A diagnosis of a mental disorder must conform to the American Psychiatric Association, Diagnostic and Statistical Manual, Fourth or Fifth Edition (DSM-IV or V) (1994, 2013). 38 C.F.R. § 4.125 (a).

As set forth in the DSM-V, a valid diagnosis of PTSD requires that a person has been exposed to a traumatic event in which both of the following were present: (1) the person experienced, witnessed, or was confronted with an event or events that involved actual or threatened death or serious injury, or a threat to the physical integrity of herself or others, and (2) the person’s response involved intense fear, helplessness, or horror.

There are special considerations for PTSD claims predicated on a personal assault. The pertinent regulation, 38 C.F.R. § 3.304 (f)(5), provides that PTSD based on a personal assault in service permits evidence from sources other than the Veteran’s service records which may corroborate his or her account of the stressor incident. Examples of such evidence include, but are not limited to records from law enforcement authorities, rape crisis centers, mental health counseling centers, hospitals, or physicians; pregnancy tests or tests for sexually transmitted diseases; and statements from family members, roommates, fellow service members, or clergy. 38 C.F.R. § 3.304 (f)(5).

It is important to note that, for personal assault PTSD claims, an after-the-fact medical opinion may serve as the credible supporting evidence of the reported stressor. Patton v. West, 12 Vet. App. 272, 280 (1999). Additionally, a veteran’s failure to report an in-service sexual assault to military authorities may not be considered as relevant evidence tending to prove that a sexual assault did not occur. AZ v. Shinseki, 731 F.3d 1303 (Fed. Cir. 2013).

Here, at a VA examination in September 2018, the Veteran reported “there was a sexual assault” and “there was a lot of sexual harassment and sexism”. The examiner noted the Veteran stated that she did not report the incident and that she was not penetrated and did not have any exam or medical evidence. The examiner noted that the Veteran’s medical records are silent for any markers. Further, the examiner noted that the Veteran went to some “resiliency counseling” on the ship when she was struggling with various feelings, including not being treated well by others in the military.

The Board has reviewed her available service treatment records and notes that there is no evidence of any such assault documented, although that is not unusual, as even the Veteran acknowledged. However, while it is unclear whether such an event could be corroborated, the Board notes that the Veteran does not have a current diagnosis of PTSD. Notably, during the examination, the examiner stated that the Veteran did not report enough symptoms requisite of a mental health disorder according to DSM-IV or DSM-V criteria. Additionally, she did not report that her symptoms cause clinically significant distress or impairment in important areas of functioning

As a result, there is no basis that the Board can see where service connection would be warranted under any subsection of 38 C.F.R. § 3.304. Therefore, service connection is not warranted on this basis.

2. Entitlement to service connection for an anxiety condition

The Veteran contends that she is entitled to service connection for her anxiety. The preponderance of the evidence is against her claim.

As an initial matter, the Board notes that the Veteran’s service treatment records dated March 2018 show a diagnosis of anxiety disorder. The records indicate that the Veteran reported that she always struggled with anxiety and it’s getting worse. She reported that over the past 7-8 months, she felt increased anxiety where she has been constantly crying and unable to fall asleep at night. The treating physician discussed possibility of limited duty for anxiety, however, the Veteran stated that she was not sure if she could stay in Navy any longer. 

On review of the record, the Board finds that service connection is not warranted. In making all determinations, the Board has fully considered all medical evidence and lay assertions of record. Specifically, at her VA examination in September 2018, the examiner specifically declined to diagnose her with any acquired psychiatric disorder that is classified under the DSM-V. While there is evidence of some psychiatric treatment from February 2020, this evidence is outside the period on appeal and cannot be considered for purposes of this adjudication. 

The Board is sympathetic to the Veteran’s claim. And does observe that she did have some difficulties in her service, as is indicated by her service treatment records. However, the fact remains that she does not have a clinical diagnosis of an acquired psychiatric disorder during the period on appeal. Moreover, a VA examiner who conducted a thorough psychiatric examination specifically declined to render a diagnosis. In the absence of proof of a present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

Accordingly, as the preponderance of the evidence is against the claim, the provisions of 38 U.S.C. § 5107 (b) regarding reasonable doubt are not applicable. The Veteran’s claim of entitlement to service connection for an anxiety condition be denied. The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.

 

 

B.T. KNOPE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Vample, Associate Counsel