Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 191018-42928
DATE: July 14, 2021

ORDER

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), is denied.

FINDING OF FACT

1. The Veteran was provided a provisional diagnosis for PTSD.

2. There is insufficient credible supporting evidence to corroborate the Veteran's claimed in-service stressor.

3. The preponderance of the evidence of record is against a finding that the Veteran's claimed PTSD was incurred in service or are otherwise etiologically related to an in-service injury, event, or disease.

CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disorder, to include PTSD, have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Navy from August 1978 to September 1978. 

These matters come before the Board of Veterans' Appeals (Board) on appeal of an August 2019 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran timely appeal this decision to the Board in an October 2019 notice of disagreement (VA Form 10182) and requested a hearing before a Veterans Law Judge. 

In March 2021, the Veteran testified at a hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record.

Entitlement to service connection for PTSD.

The Veteran contends that he has PTSD that is related to an incident in active service over 40 years ago.

Specifically, the Veteran has associated his PTSD with a fight against four other servicemen during boot camp. The Veteran indicated that he was knocked unconscious and woke up with a sore neck and back. The Veteran and his wife both testified that the Veteran has nightmares and fights in his sleep.

Under the AMA, the Board is bound by favorable findings by the agency of original jurisdiction (AOJ) in the absence of evidence of clear and unmistakable error. 38 C.F.R. § 3.104 (c). In the August 2019 rating decision, the AOJ conceded the Veteran was given a provisional diagnosis for PTSD at a VAMC. The Board is bound by these favorable findings.

Establishing service connection for PTSD requires: (1) medical evidence diagnosing PTSD; (2) credible supporting evidence that the claimed in-service stressor actually occurred; and (3) medical evidence of a link between current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304 (f); see also Cohen v. Brown, 10 Vet. App. 128 (1997).

As an initial matter, the Board notes that the record indicates that the Veteran was only provided a provisional diagnosis for PTSD under the DSM-V criteria. This provisional diagnosis was provided in an August 2019 mental health evaluation for trauma-related symptoms. The symptoms and criteria underlying the provisional diagnosis were not provided in the evaluation. 

Given the nature of the provisional diagnosis, it has limited probative value as to a finding of a current diagnosis for PTSD. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992) ("In the absence of proof of a present disability, there can be no valid claim."). However, while this provisional diagnosis may be insufficient to satisfy the requirement that the Veteran have a current diagnosis, the Board will proceed to address whether the Veteran has credible supporting evidence that the claimed in-service stressor actually occurred.

In adjudicating a claim for service connection for PTSD, the Board is required to evaluate evidence based on places, types, and circumstances of service, as shown by the veteran's military records and all pertinent medical and lay evidence. Hayes v. Brown, 5 Vet. App. 60, 66 (1993); see also 38 U.S.C. § 1154(a); 38 C.F.R. § 3.304(f). The evidence necessary to establish the occurrence of an in-service stressor for PTSD will vary depending on whether or not the veteran "engaged in combat with the enemy." Id.

If VA determines that the veteran engaged in combat with the enemy and that the alleged stressor is related to combat, then the veteran's lay testimony or statements are accepted as conclusive evidence of the occurrence of the claimed stressor. 38 U.S.C. § 1154(b); 38 C.F.R. § 3.304(f). No further development or corroborative evidence is required, provided that the claimed stressor is "consistent with the circumstances, conditions, or hardships of the veteran's service." Id. If, however, VA determines that the veteran did not engage in combat with the enemy or that the alleged stressor is not related to combat, the veteran's lay testimony by itself is not sufficient to establish the occurrence of the alleged stressor. Instead, the record must contain service records or other evidence to corroborate the veteran's testimony or statements. See Moreau v. Brown, 9 Vet. App. 389, 394 (1996).

In this case, the Veteran was not involved in combat and has not alleged stressors related to combat. As such, evidence is needed to corroborate the Veteran's testimony regarding his PTSD stressors.

Under 38 C.F.R. § 3.304 (f)(5), if a PTSD claim is based on in-service personal assault, evidence from sources other than the Veteran's service records may corroborate the Veteran's account of the stressor incident. Examples of such evidence include, but are not limited to: records from law enforcement authorities, rape crisis centers, mental health counseling centers, hospitals, or physicians; or tests for sexually transmitted diseases, and statements from family members, roommates, fellow service members, or clergy. Evidence of behavior changes following the claimed assault is one type of relevant evidence that may be found in these sources. Examples of behavior changes that may constitute credible evidence of the stressor include, but are not limited to: a request for a transfer to another military duty assignment; deterioration in work performance; substance abuse; episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes.

The record indicates that the Veteran was discharged from service due to unsuitability after two weeks of active service. 

The records during this limited period of detailed: The Aptitude Board Report indicated that the Veteran was referred for discharge by his company commander for frequent somatic complaints and poor adjustment. A mental status examination provided the following observations of the Veteran: alert, oriented with mildly agitated behavior; thinking process intact; mentioned vague hallucinations and suicidal ideation directed towards discharge; and anxious mood. The examination found that the history, testing, and interview data revealed poor stress tolerance and a personality structure with immature features. The report concluded that the Veteran's personality had not yet reached a degree of maturity or stability commensurate with the demands of recruit training.

Careful review of the Veteran's service records, including those related to his discharge, did not reveal any evidence that might corroborate the Veteran's testimony regarding his PTSD stressor more than 40 years ago. 

The Board must find that the service records, for reasons noted above, in this case provides particularly negative evidence against the claim. The record also clearly suggest that the Veteran is not an accurate historian of his mental problem (the somatic complaints).

The Veteran's in-service and post-service medical records do not show any evidence of injury, treatment, or complaints that may be related to the Veteran's reported stressor.

There is also no evidence outside his service records that might corroborate his testimony regarding the occurrence of his stressor. If anything, these records provide, overall, evidence against this claim, indicating a problem not related to service.

VA has accepted the Veteran's testimony and statements. However, apart from the Veteran's statements, there is no evidence of record in support of any of his claimed stressors.

Accordingly, the Board finds that there is insufficient credible supporting evidence to corroborate the Veteran's claimed in-service stressor, and the claim for PTSD must therefore be denied. 38 C.F.R. § 3.304(f).

While the Veteran received a provisional diagnosis for PTSD during the pendency of the claim, the preponderance of the evidence is against finding that it began during active service, or is otherwise related to an in-service injury, event, or disease. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303, 3.304.

It is important for the Veteran to understand that service connection for PTSD has unique evidentiary requirements. See 38 C.F.R. § 3.304 (f). The available evidentiary record is simply insufficient to verify non-combat stressors based on the statements of the Veteran alone. The record does not contain service records or other evidence to corroborate the Veteran's statements.

The Board also notes that record does not show a diagnosis (provisional or otherwise) for PTSD until more than 40 years after service. The service and post-service records provide highly probative evidence against the claim for any psychological disability to be related to active service more 

Given the records before it, the Board finds the Veteran's claim for entitlement to service connection for PTSD must be denied. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304.

Furthermore, as the preponderance of the evidence is against the claim, the benefit of the doubt rule is inapplicable. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

 

John J. Crowley

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board E. VanValkenburg, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.