﻿Citation Nr: AXXXXXXXX
Decision Date: 07/25/19 Archive Date: 07/25/19

DOCKET NO. 190520-12387
DATE: July 25, 2019

ORDER

Entitlement to service connection for tinnitus is denied.

Entitlement to service connection for bilateral hearing loss is granted.

FINDINGS OF FACT

1. The Veteran has denied any current or history of tinnitus, and at no time during the appeal period has he had a diagnosis of tinnitus.

2. The Veteran has a current diagnosis of bilateral hearing loss, experienced acoustic trauma in service in his duties as an Infantry Officer and Helicopter pilot, and has credibly shown continuity of symptoms. 

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for tinnitus have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.309 (2018).

2. The criteria for entitlement to service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.309, 3.385 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active duty service in the United States Army from August 1958 to May 1961 and again from February 1962 to December 1975. In May 2019, he selected the “direct review by a Veterans Law Judge” option for his appeal. Under this option, he is not entitled to a Board hearing and has agreed not to submit any additional evidence in support of his appeal; and he has not done so. 

1. Entitlement to service connection for tinnitus.

2. Entitlement to service connection for bilateral hearing loss.

Establishing service connection generally requires (1) the existence of a present disability, (2) an in-service incurrence or aggravation of a disease or injury, and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. See 38 U.S.C. § 1110 (2012); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see also Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992) (holding that in the absence of a current disability, there can be no valid claim for service connection).

Regarding the Veteran’s claim for tinnitus, the Board notes that on VA examination in April 2019, he denied any current or history of tinnitus. The record does not otherwise establish a diagnosis of tinnitus. As such, the Board is constrained in denying his claim for entitlement to service connection for tinnitus as the first element, a current disability, has not been established.

The record does show; however, that the Veteran has a current diagnosis of bilateral hearing loss. See April 2019 VA Examination. As such, the first element of service connection has been met. In addition, his service personnel records establish that he served as an Infantry Officer and Helicopter Pilot in service. When considering his duties, he was likely exposed to acoustic trauma. As such, the second element of service connection has also been met. 

Regarding the third so-called “nexus” element, as an organic disease of the nervous system, the Veteran’s diagnosis of bilateral sensorineural hearing loss allows him to potentially establish a nexus based on demonstrating continuity of symptomatology. See 38 C.F.R. § 3.309; Walker v. Shinseki, 708 F.3d 1331, 1335 (Fed. Cir. 2013). Affording the Veteran the benefit of the doubt, his competent and credible statements adequately establish causation in this case.

The Board affords no probative weight to the April 2019 VA examiner’s negative nexus opinion in this case as the opinion was based on the absence of an in-service threshold shift. The United States Court of Appeals for Veterans Claims has held that the absence of hearing loss at service separation does not foreclose a grant of service connection for subsequently demonstrated hearing loss. Hensley v. Brown, 5 Vet App 155 (1993). Under Hensley, this examination report is inadequate. It is also worth noting that the Veteran was ultimately medically discharged as a result of an in-service left ankle injury. The discharge examination does not show that his hearing acuity was actually tested.

Thus, when resolving all reasonable doubt in his favor, the Board finds that entitlement to service connection for bilateral hearing loss is warranted.

 

H.M. WALKER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Martha R. Luboch, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.