﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 190501-7499
DATE: November 29, 2019

ORDER

A rating of 30 percent, the highest rating under the schedule, for the right foot disability is granted.

A rating of 10 percent, but no higher, for the left foot disability is granted.

Service connection for a bilateral ankle condition is denied.

REMANDED

Service connection for bilateral knee conditions is remanded.

FINDINGS OF FACT

1. Resolving reasonable doubt in the Veteran’s favor, the Veteran’s right-foot disability has manifested with slight great-toe hammertoe, clavus in the fourth and fifth toe webs, plantar callosities, moderate splaying of the metatarsals, and pain on walking resulting in functional loss, establishing a disability picture more nearly approximating a severe foot injury.

2. Resolving reasonable doubt in the Veteran’s favor, the Veteran’s left-foot disability has manifested with slight great-toe hammertoe and pain on walking resulting in functional loss, establishing a disability picture more nearly approximating a moderate foot injury.

3. The evidence is insufficient to establish that the Veteran has a current diagnosed condition of the ankles or has pain that creates a functional impairment in earning capacity.

CONCLUSIONS OF LAW

1. The criteria for a rating of 30 percent, the highest rating available under this schedule, for the right foot disability have been met. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 4.3, 4.7, 4.20, 4.71a, Diagnostic Code 5284.

2. The criteria for a rating of 10 percent, but no higher, for the left foot disability have been met. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 4.71a, Diagnostic Code 5284.

3. The criteria for service connection for a left or right ankle disability have not been met. 38 U.S.C. § 1131; 38 C.F.R. § 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1976 to October 1978.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans to seek review of a VA decision with which they are dissatisfied. The Board of Veterans’ Appeals (Board) is honoring the Veteran’s choice to participate in the Department of Veterans Affairs (VA) test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran submitted a RAMP election form in February 2018 and selected the supplemental claim lane. Accordingly, a January 2019 rating decision considered the evidence of record as of the date VA received the RAMP election form and evidence received within 30 days thereafter. In May 2019, the Veteran filed a notice of disagreement electing the Board’s direct review of the evidence considered by the Agency of Original Jurisdiction.

The Veteran seeks an increased rating for foot disabilities and service connection for disabilities of the knees and ankles.

A. Increased Rating for Foot Disabilities

Disability evaluations (ratings) are determined by evaluating the extent to which a Veteran’s service-connected disability adversely affects the Veteran’s ability to function under the ordinary conditions of daily life, including employment, by comparing the symptomatology with the criteria set forth in the Schedule for Rating Disabilities (rating schedule). 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.2, 4.10. Where entitlement to compensation has already been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994).

In evaluating a disability, the Board considers the current examination reports in light of the entire record to ensure that the current rating accurately reflects the severity of the condition. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Reasonable doubt regarding the degree of disability will be resolved in favor of the Veteran. 38 C.F.R. § 4.3.

The Veteran’s bilateral hammertoe, right-foot fourth and fifth toe clavus, right-foot moderate metatarsal splaying, right-foot plantar callosities are currently rated at 30 percent. The foot conditions are not listed in the rating schedule, and therefore they are related analogously under Diagnostic Code (DC) 5276, for acquired flatfoot. 38 C.F.R. §§ 4.20, 4.71. Under DC 5276, a 30-percent rating is warranted where there is bilateral flatfoot to a severe degree, with objective evidence of marked deformity (pronation, abduction, etc.), pain on manipulation and use accentuated, indication of swelling on use, and characteristic callosities. A 50-percent rating, which is the highest rating under this schedule, is warranted where there is bilateral flatfoot to a pronounced degree, with marked pronation, extreme tenderness of plantar surfaces of the feet, marked inward displacement and severe spasm of the tendo achillis on manipulation, and no improvement by orthopedic shoes or appliances. Id.

An evaluation for foot injuries, other, is available under DC 5284. 38 C.F.R. § 4.71a. Under DC 5284, a 10-percent rating is warranted where the foot injury is of a moderate degree; a 20-percent rating is warranted where the foot injury is of a moderately severe degree; and a 30-percent rating, which is the highest rating available under this schedule, is warranted where the foot injury is of a severe degree. Id.

The Veteran seeks a rating higher than the 30 percent currently assigned for both foot disabilities combined.

A VA examination was provided in July 2014. The examiner found that the Veteran’s left foot had a great-toe hammertoe. In the right foot, the Veteran had a great-toe hammertoe, clavus in the fourth and fifth webs, plantar callosities, and post-operative residuals with moderate splaying of the metatarsals. The Veteran did not report having flare ups. The examiner found that the Veteran had pain on movement in both feet, which contributed to functional loss.

In an October 2018 statement, the Veteran wrote that due to his foot disabilities he “can’t move freely.”

Based on the evidence of record, the Board finds that a higher combined rating is warranted.

For the right-foot disability, the Board finds that the disability has manifested in symptoms warranting a 30-percent rating under DC 5284, for other foot injuries. The VA examination confirmed the Veteran has a great-toe hammertoe, clavus in the fourth and fifth webs, plantar callosities, and moderate splaying of the metatarsals. The Veteran himself reports pain, and the examiner found that pain in movement in the right foot causes functional impairment. Thus, the Board finds, resolving any reasonable doubt in the Veteran’s favor, that the evidence shows a disability picture more nearly approximating a severe foot injury in the right foot, thereby warranting an independent 30-percent rating. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 4.3, 4.7, 4.20, 4.71a, DC 5284.

For the left-foot disability, the Board finds that the disability has manifested in symptoms warranting a 10-percent rating under DC 5284. The VA examination found that the Veteran has a great-toe hammertoe and has pain on movement that results in functional loss. Resolving any reasonable doubt in the Veteran’s favor, the Board finds a disability picture more nearly approximating a moderate foot injury in the left foot, thereby warranting a 10-percent rating, but no higher. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 4.3, 4.7, 4.20, 4.71a, DC 5284. 

Combined, these two separate ratings under DC 5284 result in a 40-percent rating. 38 C.F.R. § 4.25. The Board notes that the Veteran’s previous 30-percent rating under DC 5276 has been in effect for over 20 years and is therefore protected from being reduced. 38 C.F.R. § 3.951(b). The separate ratings under DC 5284, however, will in combination result in the Veteran receiving an overall higher rating, and the ratings are based on the same underlying disabilities (which have always been rated analogously) and resulting symptomatology. See Read v. Shinseki, 651 F.3d 1296, 1302 (Fed. Cir. 2011) (holding that service connection for a disability is not severed simply because the Diagnostic Code associated with it is corrected to more accurately determine the benefit to which a Veteran may be entitled); compare Thornhill v. Wilkie, 2018 U.S. App. Vet. Claims LEXIS 1084 (Aug. 16, 2018). 

A 30-percent rating, which is the highest available under this schedule, is granted for the right foot disability, and a 10-percent rating, but no higher, is granted for the left-foot disability. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 4.3, 4.7, 4.20, 4.71a, DC 5284.

B. Service Connection for the Ankles

The Veteran seeks service connection for a bilateral ankle condition as secondary to his service-connected foot conditions.

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303. Establishing service connection generally requires evidence of (1) a current disability, (2) an in-service incurrence or aggravation of a disease or injury, and (3) a nexus between the claimed in-service event, injury, or disease and the present injury or disease. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Service connection may also be granted for a disability which is proximately due to or aggravated in severity beyond its natural progression by a service-connected injury or disease. 38 U.S.C. § 1131; 38 C.F.R. § 3.310(a); Allen v. Brown, 7 Vet. App. 439 (1995).

The Board finds service connection is not warranted for an ankle disability. VA treatment records reflect that in 2014 the Veteran complained of ankle pain and eventually sought x-ray imaging. X-rays of the ankles in December 2014 found both ankles normal. While there are subsequent complaints of ankle pain of record, the Veteran has not alleged that the pain rises to the level of functional impairment of earning capacity such that there is a question of whether the pain amounts to a current disability. Graham v. Wilkie, 2018 U.S. App. Vet. Claims LEXIS 1392, at *8-10 (October 19, 2018). Accordingly, the Board finds the evidence is insufficient to establish that the Veteran has a current disability in either ankle.

Without evidence of a current disability, the claim for service connection for a bilateral ankle condition must be denied. 38 U.S.C. § 1131; 38 C.F.R. § 3.303; Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992) (“In the absence of proof of a present disability there can be no valid claim.”).

REASONS FOR REMAND

C. Service Connection for the Knees

The Veteran seeks service connection for a bilateral knee condition as secondary to his service-connected foot conditions.

The AOJ made the favorable finding that the Veteran has a current disability of degenerative arthritis in both knees based on x-ray evidence. The Veteran has alleged that these disabilities are due to his service-connected foot disabilities. Accordingly, a VA medical examination should be provided.

The matters are REMANDED for the following action:

1. Associate with the Veteran’s claims file any VA treatment records not already of record. 

2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any left knee or right knee disability, to include arthritis.

For each condition diagnosed, the examiner must opine on all of the following:

(a) Is the knee condition at least as likely as not proximately due to a service-connected foot disability?

(b) Is the knee condition at least as likely as not aggravated by (worsened beyond the normal progression of the disease) a service-connected foot disability?

(c) Is the knee condition at least as likely as not incurred in or caused by the Veteran’s period of active duty service?

(d) If the condition is arthritis, did the condition at least as likely as not begin during active duty service or within a year thereafter?

In providing any opinion, the examiner should take into account the evidence of record, including the Veteran’s own statements.

3. After the above development and any other development deemed necessary is completed, readjudicate the Veteran’s claim.

 

 

K. Parakkal

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Davis, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.