﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 200305-67997
DATE: May 29, 2020

ORDER

Entitlement to service connection for bilateral hearing loss denied.

Entitlement to service connection for tinnitus is denied.

FINDINGS OF FACT

1. The preponderance of the evidence is against the finding that the Veteran’s bilateral hearing loss was due to his active duty service. 

2. The preponderance of the evidence is against the finding that the Veteran’s tinnitus was due to his active duty service. 

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385 (2019).

2. The criteria for service connection for tinnitus loss have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served in the United States Army from March 1951 to March 1953.

The rating decision on appeal was issued in February 2020. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military service. To establish service connection for the claimed disorder, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical, or in certain circumstances, lay evidence of a nexus between the claimed in-service disease or injury and the current disability. See 38 C.F.R. § 3.303 (2019); see also Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

A claimant is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence. See 38 C.F.R. § 3.102 (2019). When a claimant seeks benefits and the evidence is in relative equipoise, the claimant prevails. See Gilbert v. Derwinski, 1 Vet. App. 4 (1990). The preponderance of the evidence must be against the claim for benefits to be denied. See Alemany v. Brown, 9 Vet. App. 518 (1996).

For veterans who served 90 days or more after December 31, 1946, the chronic diseases listed in 38 U.S.C. § 1101(3) and 38 C.F.R. § 3.309(a), including sensorineural hearing loss and tinnitus, are presumed to have been incurred in service if they manifested to a compensable degree within one year of separation from active duty. 38 U.S.C. §§ 1101(3), 1112(a)(1) (2012); 38 C.F.R. §§ 3.307(a), 3.309(a) (2019).

1. Bilateral Hearing Loss 

Specific to claims for service connection for hearing loss, impaired hearing is considered a “disability” for VA purposes only when the auditory threshold in any of the frequencies of 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; when the thresholds for at least three of these frequencies are 26 decibels or greater; or when speech recognition scores using the Maryland CNC test are less than 94 percent. 38 C.F.R. § 3.385 (2019). The results of the September 2019 VA examination show that the Veteran’s hearing loss meets the criteria set forth in 38 C.F.R. § 3.385. 

The Veteran has reported that he has bilateral hearing loss disability because of excessive noise exposure in active service. A favorable finding in the September 2019 rating decision was that the Veteran was exposed to excessive noise during service. The remaining issue before the Board is whether there is a nexus between his hearing loss and his noise exposure in service. 

In September 2019, the Veteran received a VA examination. The examiner acknowledged that the Veteran’s entrance and separation whisper test auditory examinations were an unreliable indicator of hearing loss. Nevertheless, the examiner noted that the Veteran’s service was 66 years ago, and his manufacturing job after service exposed him to excessive noise. The examiner concluded that due to the length of time from service, his post-military job, and his age, the Veteran’s bilateral hearing loss was less likely than not due to service. 

The Board considers the lay and medical evidence of record in finding that service connection for bilateral hearing loss is not warranted. The Board acknowledges the Veteran’s lay opinion that his hearing loss is due to his in service noise exposure. However, as a lay person, the Veteran does not have the requisite training and medical knowledges to provide a competent medical opinion. Accordingly, his opinion is afforded low probative value. Conversely, the VA examiner’s opinion is afforded high probative weight. The examiner acknowledged the Veteran’s entrance and separation examinations were unreliable. He also noted the Veteran exposure to noise in service was more than 60 years ago and he experienced excessive noise exposure in his post-military job as well as during service. The examiner also noted that the Veteran’s age was a likely contributor to his hearing loss. The Board notes that the Veteran’s bilateral hearing loss did not develop within a year of separation such that presumptive service connection was warranted. Thus, as the preponderance of the probative evidence is against the Veteran’s claim, the Board finds that service connection for bilateral hearing loss is not warranted. See Alemany v. Brown, 9 Vet. App. 518 (1996).

2. Tinnitus

The September 2019 examiner noted that the Veteran denied having tinnitus at the appointment. Aside from filing a claim for tinnitus, there is no lay evidence to support a finding that the Veteran has tinnitus during the appeal period. As a layperson, he is competent to state that he has tinnitus. However, he denied having it when he was afforded a VA examination for tinnitus. There is no reason in the record to doubt his credibility. The Veteran’s report at his VA examination to be more probative than his listing “tinnitus” on his claims form and Notice of Disagreement. Moreover, the Veteran did not submit any additional lay or medical evidence to dispute the finding of the September 2019 examination. The Board notes that the existence of a current disability is the cornerstone of a claim for VA disability compensation. 38 U.S.C. § 1110 (2012); see Degmetich v. Brown, 104 F.3d 1328, 1332 (1997). In the absence of evidence of a current disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

 

 

D. Martz Ames

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Brunot, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.