﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 200407-76699
DATE: June 16, 2020

ORDER

Entitlement to service connection for candidal stomatitis is denied. 

REMANDED

Entitlement to service connection for an esophageal condition, to include as secondary to asbestos or radiation exposure, is remanded.

Entitlement to service connection for a prostate condition, to include as secondary to radiation exposure, is remanded.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1960 to April 1964.

The decision on appeal was issued in March 2020. In April 2020, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2 (d)). He selected the Direct Review with regards to his appeal before the Board.

Evidence was added to the claims file during a period of time when new evidence was not allowed. Specifically, the Veteran submitted a statement in May 2020, and VA treatment records were also obtained in May 2020. The Board may not consider this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Characterization of the issues on appeal

In rating decisions dated April 2003 and August 2018, the Agency of Original Jurisdiction (AOJ) denied the Veteran’s claims to establish service connection for a prostate disability, an esophageal disability, and candida stomatitis, respectively, and these rating decisions became final. 

The Veteran subsequently filed petitions to reopen these previously-denied claims. In the March 2020 rating decision, the AOJ stated that only the Veteran’s previously-denied claim to establish service connection for an esophageal disability had been reopened; however, a closer reading of this adjudication reflects that the AOJ provided development in connection with each issue in the way of providing the Veteran a VA examination and considered the merits of each underlying claim. 

As such, despite a lack of a favorable finding on the point, the AOJ has determined that new and relevant evidence has been received which warrants readjudication of all of these issues on the merits. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). Accordingly, the Board need not address this threshold matter of VA’s receipt of new and relevant evidence since the prior final denials of the Veteran’s claims.

Service Connection 

Service connection may be established for a disability that results from personal injury that is suffered or disease contracted in the line of duty, in the active military, naval, or air service. 38 U.S.C. §§ 1110, 1131 (2002). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d) (2019).

Generally, to establish service connection for a disability resulting from a disease or injury incurred in service, there must be (1) competent evidence of the current existence of the disability for which service connection is being claimed; (2) competent evidence of incurrence of a disease or injury in active service; and (3) competent evidence of a nexus or connection between the current disability and the disease or injury incurred in service. Horn v. Shinseki, 25 Vet. App. 231, 236 (2010); Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); cf. Gutierrez v. Principi, 19 Vet. App. 1, 5 (2004) (citing Hickson v. West, 12 Vet. App. 247, 253 (1999)).

Analysis

The crux of the Veteran’s appealed issue is whether candidal stomatitis has been diagnosed during the appeal period. The Veteran received a VA examination in June 2018 and the examiner noted a diagnosis of candidal stomatitis from 1963. At that time, he was evaluated for a “coating on [his] tongue” which lasted for 12 years. Upon examination, the examiner found that there was no current evidence of candida (fungal infection) on the tongue, nor was there a growth of any type on the tongue.

The Veteran received another VA examination in March 2020 and the examiner noted that the Veteran reported a fungus on his tongue in 1962. Upon examination, the examiner again found no evidence of a current candida infection.

The Board finds the June 2018 and March 2020 VA examinations highly probative and concludes that there is no current disability; thus, the first element of the service connection claim has not been satisfied. Congress specifically limits entitlement for service-connected disease or injury to cases where incidents have resulted in a disability. In the absence of proof of a present disability, there can be no valid claim for service connection. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). Thus, in this case, without evidence of a current disability, direct service connection for candida stomatitis is not warranted.

REASONS FOR REMAND

1. Entitlement to service connection for an esophageal disability

The Veteran received a VA examination in March 2020 and the examiner noted diagnoses of gastroesophageal reflux disease (GERD) and Barrett’s disease. The examiner opined that the Barrett’s disease was less likely than not due to radiation exposure or asbestosis, but more likely than not due to GERD. She did not, however, offer an opinion with regards to the etiology of GERD. 

The Board finds that the March 2020 VA examination is inadequate, as it did not address the current diagnosis of GERD. When VA undertakes to provide a VA examination or obtain a VA opinion it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). The AOJ’s failure to ensure the adequacy of the March 2020 VA opinions before adjudicating the Veteran’s claim represents a pre-decisional error in the duty to assist that must be corrected on remand. 

2. Entitlement to service connection for a prostate disability

The Veteran received a VA examination in March 2020 and the examiner noted a diagnosis of benign prostate hypertrophy. She opined, however, that there was no evidence of a prostate malignancy, and therefore she could not render an opinion regarding its etiology. When VA undertakes to provide a VA examination or obtain a VA opinion it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). The AOJ’s failure to ensure the adequacy of the March 2020 VA opinions before adjudicating the Veteran’s claim represents a pre-decisional error in the duty to assist that must be corrected on remand. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the nature and etiology of any diagnosed esophageal condition. The examiner should review the claims folder and note such review in the VA examination report.

The examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s esophageal condition had its onset or is otherwise related to the Veteran’s military service, to include exposure to radiation and asbestos. 

The examiner should consider all evidence, including lay statements, medical records, and other medical opinions of record. Any opinions offered should be accompanied by a clear rationale consistent with the evidence of record.

2. Schedule the Veteran for a VA examination to determine the nature and etiology of any diagnosed prostate condition. The examiner should review the claims folder and note such review in the VA examination report.

(Continued on the next page)

 

The examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s prostate condition had its onset or is otherwise related to the Veteran’s military service, to include exposure to radiation and asbestos. 

The examiner should consider all evidence, including lay statements, medical records, and other medical opinions of record. Any opinions offered should be accompanied by a clear rationale consistent with the evidence of record.

 

 

Scott W. Dale

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Daniels, Associate Attorney

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.