Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 210508-158567
DATE: July 14, 2021

ORDER

Service connection for a gastrointestinal disability other than postoperative hemorrhoids, to include anal fistula, is denied.

FINDINGS OF FACT

1. The Veteran is service connected for postoperative hemorrhoids, currently rated as 20 percent disabling.

2. None of the competent and credible evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal indicated that the Veteran had a current gastrointestinal disability other than hemorrhoids that might be associated with service. 

CONCLUSION OF LAW

The criteria for an award of service connection for a gastrointestinal disability other than hemorrhoids have not been met. 38 U.S.C. §§ 1110, 1131, 1154, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the U.S. Army from July 1962 to July 1986, to include service in Vietnam. His decorations include the Republic of Vietnam Campaign Medal and the Combat Infantryman Badge.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an April 2021 rating decision issued by a Department of Veterans Affairs (VA) Regional Office. The Veteran timely appealed by submitting a VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement)) in May 2021. He elected the Direct Review docket. Under that option, the Board may only consider the evidence of record at the time of the April 2021 rating decision. 38 C.F.R. § 20.301.

The Board observes that service connection for gastrointestinal disease and fistula in ano was previously denied in a May 1987 rating decision. In the April 2021 decision on appeal, the AOJ found that new and relevant evidence had been submitted to warrant readjudication of the claim. The Board is bound by that favorable determination. 38 C.F.R. § 3.104(c).

Entitlement to service connection for a gastrointestinal disability other than postoperative hemorrhoids, to include anal fistula, is denied.

The Veteran is service connected for postoperative hemorrhoids, currently rated as 20 percent disabling. He seeks to establish service connection for a gastrointestinal disability other than hemorrhoids, claimed as anal fistula. 

The existence of a current disability is the cornerstone of a claim for VA disability compensation. 38 U.S.C. §§ 1110, 1131; see Degmetich v. Brown, 104 F.3d 1328, 1332 (1997). In the absence of proof of a present disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

The requirement of a current disability is satisfied when the claimant is shown to have the disability either at the time he files his claim for service connection, or during the pendency of that claim, even if the disability resolves prior to final adjudication. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). When the record contains a recent diagnosis of disability prior to the filing of a claim for benefits based on that disability, the report of diagnosis is relevant evidence that must be addressed in determining whether a current disability existed at the time the claim was filed or during its pendency. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013). The United States Court of Appeals for the Federal Circuit has held that pain alone, even in the absence of a diagnosis or underlying pathology, can establish a current disability if it results in functional impairment of earning capacity. Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018).

In the present case, at the time the AOJ issued the April 2021 rating decision, there was no evidence that the Veteran had a gastrointestinal disability other than hemorrhoids, or that he had had such a disability at any time during the pendency or proximate to the filing of his claim. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a), (d). He did not submit any medical evidence, or a release for such evidence, to support the existence of a current disability. Nor has he asserted the presence of a current functional impairment relating to a gastrointestinal disability other than hemorrhoids that has resulted in loss of earning capacity.

An April 2021 VA examination explicitly found no current diagnosis of a gastrointestinal condition other than the hemorrhoidal disease for which the Veteran is already service connected. The VA examiner noted that the Veteran had undergone a fissurectomy in service to treat in-service anal fissures, but that the surgery repaired the condition and that it was not causative of any current problems. The examiner also found that there was no evidence to support a diagnosis of anal fistula at any time during the period on appeal. 

The Board finds that the evidence of record supports a finding that the Veteran suffered from an anal fissure in service, and that the condition was causative of pain, but that it was successfully repaired following an anorectal fissurectomy and anal-rectoplasty. See February 1987 VA examination report. Nothing in the record supports that the condition has re-emerged since service.

To the extent that the Veteran asserts that he has a current gastrointestinal disability related to the in-service anal fissure, other than hemorrhoids, the Board finds that his statements in that regard are outweighed by the VA examiner's findings. The Veteran's statements are of very little probative value as the record does not establish that he possesses the medical expertise required to diagnose gastrointestinal disorders such as anal fistula, or to differentiate the symptoms attributable to such a condition versus those occasioned by his service-connected hemorrhoids.

For all of the foregoing reasons, the Board must find that the preponderance of the evidence is against the claim. As such, the benefit of the doubt rule is not for application and the appeal must be denied.

 

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Joseph T. Leonard, Associate Counsel 

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.