Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200311-70315
DATE: July 14, 2021

ORDER

Entitlement to service connection for hypertension is denied.

Entitlement to service connection for right upper extremity radiculopathy is denied.

Entitlement to service connection for a salivary gland disorder is denied.

REMANDED

Entitlement to an initial disability rating in excess of 10 percent for the service-connected pseudofolliculitis barbae, to include bilateral feet, nails dermatophytosis onychomycosis, and eczema is remanded.

Entitlement to an initial compensable disability rating for the service-connected chronic sinusitis is remanded.

FINDING OF FACT

The Veteran is not shown to have (or during the pendency of the claims to have had) hypertension, right upper extremity radiculopathy and/or a salivary gland disorder.

CONCLUSIONS OF LAW

1. The criteria for establishing service connection for hypertension have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303.

2. The criteria for establishing service connection for right upper extremity radiculopathy have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303.

3. The criteria for establishing service connection for a salivary gland disorder have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. 

The Veteran served on active duty from July 1994 to August 2018.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a November 2018 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). The decision was issued on November 20, 2018. In response to the November 2018 rating decision, the Veteran filed a timely Notice of Disagreement (NOD), and a statement of the case (SOC) was issued on February 29, 2020. The AMA allows for a veteran to opt-in by requesting review of a SOC or supplemental statement of the case (SSOC) issued on or after February 19, 2019, if it was received within one year of the date of the notification of the rating decision, or 60 days from the issuance of the SOC or SSOC, whichever is later. In March 2020, the Veteran submitted a timely VA Form 10182, Decision Review Request: Board Appeal (NOD), opting into the modernized review system from the February 2020 SOC and requesting direct review of the evidence considered by the Agency of Jurisdiction (AOJ) at the time of the February 2020 SOC.

1. Entitlement to service connection for hypertension is denied.

2. Entitlement to service connection for right upper extremity radiculopathy is denied.

3. Entitlement to service connection for a salivary gland disorder is denied.

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110, 1131; 38 C.F.R. § 3.303. Evidence of continuity of symptomatology from the time of service until the present is required where the chronicity of a chronic condition manifested during service either has not been established or might reasonably be questioned. 38 C.F.R. § 3.303(b); see also Walker v. Shinseki, 708 F.3d 1331, 1340 (Fed. Cir. 2013) (holding that only conditions listed as chronic diseases in § 3.309(a) may be considered for service connection under 38 C.F.R. § 3.303(b)). Regulations also provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d).

Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999).

The Veteran contends his hypertension, right upper extremity radiculopathy and salivary gland disorder are etiologically related to his service.

The Veteran's service treatment records show that in January 2008 he was diagnosed with systemic hypertension and in June 2017, he was diagnosed with elevated blood pressure reading without a diagnosis of hypertension. The clinician at that time explained that the Veteran had an elevated systolic blood pressure on intake vitals and upon review of his medical records, he has evidence of multiple intermittent elevated systolic blood pressure readings in the last 10 years. The clinician further noted that the Veteran reported a prior workup for hypertension with blood pressure checks which resolved after weight loss and therapeutic lifestyle changes. In June 2018, he was diagnosed with essential hypertension and the clinician noted the Veteran with a history of elevated blood pressure readings, asymptomatic. 

In December 2017, the Veteran complained of a swollen bilateral jaw muscle under the ears and glands for the last two days. He reported no pain with chewing, but pressure was felt on the teeth. No pain was felt anywhere else. He also reported that this has happened before, but he did not seek medical attention in the past and that his symptoms have been self-limiting but resolve in a few days. Upon physical examination at that time, the clinician reported the Veteran with swollen parotid glands bilaterally, left side more than right. However, there was no erythema or tenderness on palpation and appearance of the neck was normal. The clinician diagnosed the Veteran with other diseases of salivary glands and explained that the Veteran had swollen parotoid glands, possible stone. He recommended the Veteran to suck on lemon drops and massage his salivary glands. Upon imaging at that time of the neck, the impression was mild left parotiditis versus sialoadenitis with mild reactive, level I adenopathy and mild, left greater than right maxillary sinus disease. Upon a comprehensive medical evaluation in June 2018, the clinician noted no swollen glands in the neck and no other adenopathy reported.

The Veteran's service treatment records were negative as to any complaints of, treatment for or diagnosis of any right upper extremity radiculopathy. Instead, his service treatment records pertain to left side radiculopathy.

Upon his June 2018 separation examination, hypertension was diagnosed, and the Veteran complained of high blood pressure on his accompanying separation report of medical history. However, the Veteran's June 2018 separation examination revealed no abnormalities of the upper extremities and his head/face/neck, nose, sinuses, and mouth and throat were normal upon physical examination. In addition, he did not indicate any problems with his mouth, including his gums or throat or otherwise indicate any problems with his salivary glands on his separation report of medical history. Although he did complain of numbness/tingling on his separation report of medical history, he explained this pertained to nerve damage of his left arm and did not otherwise indicate any problems with his right upper extremity. Indeed, the Veteran remarked he was currently in good health on his separation report of medical history.

Upon VA hypertensive examination in October 2018, the Veteran reported he was told his blood pressure was high but stated he was not on medication. The Veteran's current blood pressure readings at that time were 142/98, 140/98 and 138/96. The examiner diagnosed the Veteran with normal blood pressure and remarked that the Veteran did not meet VA's criteria of 160/90 for high blood pressure and noted that the Veteran denied having hypertension.

Upon VA oral and dental conditions examination in October 2018, the examiner noted the Veteran has no dental issues at present. The examiner diagnosed left salivary gland obstruction with an onset date in July 2018. Regarding the medical history, the examiner stated the Veteran had a clogged salivary duct on the left side which is believed to be caused by the parotid gland which was treated at a hospital emergency room visit this year. However, the examiner reported that the Veteran has no signs or symptoms currently. A panographic/intraoral imaging study to demonstrate loss of teeth, mandible or maxilla was performed during the examination and results were within normal limits.

Upon VA peripheral nerve examination in October 2018, the Veteran reported numbness and tingling in his left wrist and fingers but did not report any right upper extremity symptomology. In this regard, there was no constant pain, intermittent pain, paresthesias and/or dysesthesias or numbness of the right upper extremity. Muscle strength testing and sensory examination were also normal for the right upper extremity. There were no right upper extremity nerves affected. The examiner diagnosed left carpal tunnel, left ulnar nerve impingement and radiculopathy of the bilateral lower extremities but determined there was no right upper extremity peripheral nerve condition. 

On review of the record the Board has found no evidence of any current hypertension, right upper extremity radiculopathy and/or salivary gland disorder. There are no contemporaneous records showing a diagnosis of such disabilities. Neither hypertension, a salivary gland disorder nor right upper extremity radiculopathy were found on the VA examinations conducted in connection with the claims for service connection. The examinations were thorough, and the examiners are medical professionals; their opinions are competent and probative evidence in the matter. The Veteran has not identified any medical professional who has provided him treatment for the hypertension, right upper extremity radiculopathy and/or salivary gland disorder or diagnosed hypertension, right upper extremity radiculopathy and/or salivary gland disorder post-service (in particular during the pendency of these claims). While the Veteran is competent to observe that he has pain, numbness/tingling and swelling under certain circumstances, whether there is an underlying hypertensive disability, right upper extremity radiculopathy and/or salivary gland disorder is a medical question. He is a layperson, and his own opinion is not probative evidence in the matter. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

The threshold question that must be addressed here is whether there is competent evidence that the Veteran currently has (or during the pendency of the claims has had) the disability for which service connection is sought (hypertension, right upper extremity radiculopathy and salivary gland disorder). In the absence of proof of current disability there is no valid claim for service connection. See 38 U.S.C. § 1110; see also Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). Accordingly, service connection for hypertension, right upper extremity radiculopathy and a salivary gland disorder must be denied.

The Board is grateful for the Veteran's honorable service. However, given the record before it, the Board finds that evidence in this case does not reach the level of equipoise. See 38 U.S.C. § 5107(a) ("[A] claimant has the responsibility to present and support a claim for benefits...."); Fagan v. Shinseki, 573 F.3d 1282, 1286 (Fed. Cir. 2009) (stating that the claimant has the burden to "present and support a claim for benefits" and noting that the benefit of the doubt standard in section 5107(b) is not applicable based on pure speculation or remote possibility); Skoczen v. Shinseki, 564 F.3d 1319, 1323-29 (Fed. Cir. 2009) (interpreting section 5107(a) to obligate a claimant to provide an evidentiary basis for his or her benefits claim, consistent with VA's duty to assist, and recognizing that "[w]hether submitted by the claimant or VA... the evidence must rise to the requisite level set forth in section 5107(b)," requiring an approximate balance of positive and negative evidence regarding any issue material to the determination).

REASONS FOR REMAND

1. Entitlement to an initial disability rating in excess of 10 percent for the service-connected pseudofolliculitis barbae, to include bilateral feet, nails dermatophytosis onychomycosis, and eczema is remanded.

2. Entitlement to an initial compensable disability rating for the service-connected chronic sinusitis is remanded.

The Veteran underwent VA sinusitis and skin conditions examinations on October 18, 2018. Thereafter, on November 19, 2019, the Veteran submitted his initial NOD and reported that his symptoms of sinusitis and pseudofolliculitis barbae, to include bilateral feet, nails dermatophytosis onychomycosis, and eczema were worse than shown on VA examinations. Specifically, he stated that the percentages assigned are lower than the conditions warrant, indicating a report of worsening symptomology. Regarding chronic sinusitis, he stated he experiences headaches, inflammation, bleeding and crusting. Considering the Veteran's report of more severe symptomology than reported on the October 2018 VA examinations (received prior to the February 2020 SOC), the Board finds that the failure to schedule the Veteran for VA examinations addressing the current severity of his chronic sinusitis and pseudofolliculitis barbae, to include bilateral feet, nails dermatophytosis onychomycosis, and eczema, constitutes a pre-decisional duty to assist omission. Development for VA examinations to address the current severity of his chronic sinusitis and pseudofolliculitis barbae, to include bilateral feet, nails dermatophytosis onychomycosis, and eczema is necessary. 

The matters are REMANDED for the following actions:

1. Schedule the Veteran for a VA sinusitis examination to determine the current severity of the service-connected chronic sinusitis. The claims file should be reviewed by the examiner. All necessary tests should be performed, and the results reported. All symptomatology associated with the sinusitis should be reported.

2. Schedule the Veteran for a VA skin conditions examination to determine the current severity of the service-connected pseudofolliculitis barbae, to include bilateral feet, nails dermatophytosis onychomycosis, and eczema. The claims file should be reviewed by the examiner. All necessary tests should be performed, and the results reported. All symptomatology associated with the pseudofolliculitis barbae, to include bilateral feet, nails dermatophytosis onychomycosis, and eczema should be reported.

 

 

B. G. LeMoine

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S. Medina, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.